UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL F. SCHULZE,<br><br>PETITIONER,<br><br>vs.<br><br>HIROMICHI KOBAYASHI, WARDEN,<br><br>RESPONDENT. | CIV. NO. 20-00047 LEK-KJM |

**ORDER: DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR A WRIT OF HABEAS CORPUS; DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS THE PETITION; AND DENYING CERTIFICATE OF APPEALABILITY**

Before the Court is pro se Petitioner Michael F. Schulze's ("Schulze") Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"), filed on January 31, 2020. [Dkt. no. 1.] Respondent Hiromichi Kobayashi, Warden ("Warden Kobayashi"), filed his motion to dismiss the Petition on April 17, 2020 ("Motion"). [Dkt. no. 8.] Schulze filed his Memorandum in Opposition to Respondent's Dispositive Motion ("Memorandum in Opposition") on April 29, 2020, and Warden Kobayashi filed a reply on May 15, 2020. [Dkt. nos. 10, 11.] Schulze's Petition is hereby dismissed, and a certificate of appealability is denied, for the reasons set forth below.

**BACKGROUND**

In 2003, Schulze was sentenced to 360 months of imprisonment for each count of conspiracy to distribute and

possess with intent to distribute methamphetamine and two counts of knowingly and intentionally distributing methamphetamine, to run concurrently. [United States v. Schulze, CR 02-00090(01) LEK, Judgment in a Criminal Case, filed 9/10/03 (dkt. no. 175), at 1-3.] In 2015, Schulze's sentence of imprisonment was reduced to 292 months. [Id., Amended Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), filed 3/9/15 (dkt. no. 495).] Schulze's projected release date is April 5, 2023. [Mem. in Supp. of Motion at 3.]

On June 17, 2019, Schulze was transferred to Federal Detention Center – Honolulu ("FDC Honolulu") from United States Penitentiary, Atwater in California. [Mem. in Supp. of Petition at 2 (citing Petition, Exh. A (United States Department of Justice Transfer Order, return of service date 6/17/19)).] On September 3, 2019, Schulze filed a motion seeking an order from this Court directing the Federal Bureau of Prisons ("BOP") to transfer him to a mainland prison. [United States v. Schulze, CR 02-00090 (01) LEK, Ex Parte Emergency Motion for Injunctive Relief ("Motion for Transfer"), filed 9/3/19 (dkt. no. 496).] On October 2, 2019, the Court denied Schulze's Motion for Transfer. [Id., Order Denying Michael F. Schulze's Ex Parte Emergency Motion for Injunctive Relief, filed 10/2/19 (dkt. no. 498).]

On December 16, 2019, Schulze filed a separate § 2241 petition. [Schulze v. Fed. Bureau of Prisons, CV 19-00669 JAO-WRP, Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("CV 19-669 Petition"), filed 12/16/19 (dkt. no. 1).] On December 20, 2019, this district court issued an order dismissing the CV 19-669 Petition without prejudice to Schulze raising the same conditions of confinement claims in a civil rights action. [Id., Order Dismissing Petition and Denying Certificate of Appealability ("CV 19-669 Order"), filed 12/20/19 (dkt. no. 4), at 11.[1]]

While the instant Petition was pending, Schulze filed a prisoner civil rights complaint against the BOP, seeking substantially the same relief and on the same or similar legal theories. See Schulze v. Fed. Bureau of Prisons, CV 20-00188 DKW-WRP, Verified Complaint for Declaratory and Injunctive Relief ("CV 20-188 Complaint"), filed 4/27/20 (dkt. no. 1), at ¶¶ 2.a, b (alleging the BOP violated his Fifth and Eighth Amendment rights by transferring him to FDC Honolulu). On June 1, 2020, this district court dismissed the CV 20-188 Complaint with leave to amend. [Schulze v. Fed. Bureau of Prisons, CV 20-00188 DKW-WRP, Order Dismissing Complaint with

---

[1] The CV 19-669 Order is also available at 2019 WL 7038254.

Leave to Amend ("CV 20-188 Order"), filed 6/1/20 (dkt. no. 7).[2]] On June 12, 2020, Schulze filed his Notice of Voluntary Withdrawal of the CV 20-188 Complaint, on the basis that his Fifth and Eighth Amendment claims were moot because he had been placed in quarantine in preparation for a transfer to a mainland prison camp. [Id., Notice of Voluntary Withdrawal, filed 6/12/20 (dkt. no. 9).]

On September 23, 2020, this Court directed Schulze to file a letter addressing whether his Petition was also moot in light of the events documented in CV 20-00188 DKW-WRP. [Minute Order, filed 9/23/20 (dkt. no. 14).] On October 19, 2020, Schulze filed his letter as directed ("10/19/20 Response"). [Dkt. no. 16.] On March 22, 2021, Schulze filed a change of address notification, informing the Court that he had been transferred to United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"). [Dkt. no. 17.]

In the instant Petition, Schule argues "[t]he BOP's interpretation of the term 'imprisonment' under 18 USC § 3621(b) violates section 706(2) of the [Administrative Procedures Act] because FDC Honolulu is not a prison for purposes of 3261(b) because it is incompatible with the Eighth Amendment and the statutory requirements set forth in the statute itself."

---

[2] The CV 20-188 Order is also available 2020 WL 2841882.

[Petition at pg. 4.]  Schulze seeks an injunction requiring the BOP to cease designating sentenced prisoners to FDC Honolulu, and to transfer all sentenced prisoners currently in FDC Honolulu to a prison on the mainland, as appropriate for their respective security classifications.  As modified by his Memorandum in Opposition, Schulze seeks said relief for himself only.  [Mem. in Opp. at 4.]  In the 10/19/20 Response, Schulze asserts that his Petition is not moot because he might return to FDC Honolulu in the future.  [10/19/20 Response at 3-4.]

## STANDARD

This district court has stated:

> When a federal . . . prisoner contends that he "is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 confers a general grant of habeas jurisdiction.  28 U.S.C. § 2241(a) and (c)(3).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.
>
> . . . .
>
> "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983."  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  Habeas relief extends to a prisoner in custody under the authority of the United States.  See 28 U.S.C. § 2241.  A petitioner challenging the manner, location, or conditions of the execution of his sentence must

5

>file a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 19[8]0) (distinguishing between a § 2255 petition, which tests the imposed sentence, with a § 2241, which tests the sentence "as it is being executed").  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Muhammad, 540 U.S. at 750 (citation omitted); Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (holding that a prisoner's claims are within the core of habeas corpus if they challenge the fact or duration of his conviction or sentence).

Schulze v. Fed. Bureau of Prisons, CIVIL NO. 19-00669 JAO-WRP, 2019 WL 7038254, at *1-2 (D. Hawai`i Dec. 20, 2019) (some alterations in Schulze).

Also, as explained by the Ninth Circuit,

>[t]he Supreme Court instructs that ripeness is "peculiarly a question of timing," Regional Rail Reorg. Act Cases, 419 U.S. 102, 140, 95 S. Ct. 335, 42 L. Ed. 2d 320 (1974), designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Laboratories v. Gardner, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967).  Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution.  See U.S. Const. art. III.  Although ripeness, like other justiciability doctrines, is "not a legal concept with a fixed content or susceptible of scientific verification," Poe v. Ullman, 367 U.S. 497, 508, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961), the Supreme Court has observed that the doctrine "is drawn both from Article III limitations on judicial power and from prudential reasons for

6

> refusing to exercise jurisdiction," Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.18, 113 S. Ct. 2485, 125 L. Ed. 2d 38 (1993).  As we noted in Portman v. County of Santa Clara, 995 F.2d 898, 902 (9th Cir. 1993), "the ripeness inquiry contains both a constitutional and a prudential component." . . .
>
> . . . .
>
> Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to our exercise of jurisdiction there exist a constitutional "case or controversy," that the issues presented are "definite and concrete, not hypothetical or abstract." Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93, 65 S. Ct. 1483, 89 L. Ed. 2072 (1945). . . .

Thomas v. Anchorage Equal Rts. Comm'n, 220 F.3d 1134, 1138-39 (9th Cir. 2000) (en banc).  Therefore, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (citation and internal quotation marks omitted).

## DISCUSSION

### I. Ripeness

Pursuant to § 2241, Schulze's Petition challenges his conditions of confinement at FDC Honolulu, a place where he is not currently confined, on the basis that he may be transferred there in the future.  However, a transfer of Schulze to FDC Honolulu is a contingent future event that may not occur at all, and thus is not a concrete factual scenario.  See id.

7

Therefore, because Schulze is not currently in FDC Honolulu, nor is his potential transfer to FDC Honolulu anything more than a hypothetical future event, Schulze's claim is not ripe. See Thomas, 220 F.3d at 1141 (holding a claim was not ripe where it rested on hypothetical facts). Moreover, "[p]rudential considerations of ripeness are discretionary," and thus the Court will decline to exercise jurisdiction over a remote claim challenging conditions of confinement in a place where Schulze is not currently imprisoned, but may or may not be imprisoned in the future. See id. at 1142. Schulze has not demonstrated that any hardship would result in postponing judicial review of his confinement at FDC Honolulu to a time when he is transferred to FDC Honolulu, or under **imminent** threat of such transfer or designation.

The Petition is therefore dismissed because it is not ripe.

## II.  Certificate of Appealability

In the context of a 28 U.S.C. § 2254 petition,[3] this district court has stated:

---

[3] The rules applicable to § 2254 petitions also apply to petitions brought under § 2241. See, e.g., Tanner v. MacDonald, Civ. No. 11-00255 SOM/RLP, 2011 WL 1598838, at *1 n.2 (D. Hawai`i Apr. 27, 2011) (some citations omitted) (citing Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); United States v. Recinos-Gallegos, 151 F. Supp. 2d 659 (D. Md. 2001)); see also § 2254 Rule 1(b) ("The district court may apply any or
(. . . continued)

> Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability when it enters a final order adverse to the applicant. See also, Fed. R. App. P. 22(b). Reasonable jurists would not find the dismissal of Williams's Petition as unexhausted as debatable or wrong. See Gonzalez v. Thaler, 565 U.S. 134, 141 (2012).

Williams v. Espinda, CIV. NO. 19-00478 LEK-RT, 2019 WL 4418016, at *4 (D. Hawai`i Sept. 16, 2019). Reasonable jurists would not find that the rulings in this Order regarding Schulze's Petition are debatable. A certificate of appealability therefore will not be issued.

## CONCLUSION

For the foregoing reasons, Schulze's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed January 31, 2020, is HEREBY DISMISSED. Warden Kobayashi's Motion to Dismiss Petitioner's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" [ECF No. 1], filed April 17, 2020, is DENIED as MOOT. In addition, this Court DENIES a certificate of appealability.

IT IS SO ORDERED.

---

all of these rules to a habeas corpus petition not covered by Rule 1(a).").

9

DATED AT HONOLULU, HAWAII, March 29, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MICHAEL F. SCHULZE VS. HIROMICHI KOBAYASHI, WARDEN; CV 20-00047 LEK-KJM; ORDER:  DISMISSING PETITION UNDER 28 U.S.C. §2241 FOR A WRIT OF HABEAS CORPUS; DENYING AS MOOT RESPONDENT'S MOTION TO DISMISS THE PETITION; AND DENYING CERTIFICATE OF APPEALABILITY**